UNITED STATES DISTRICT AND BANKRUPTCY COURTS

FOR THE DISTRICT OF COLUMBIA

**FILED**
**MAY 02 2014**
Clerk, U.S. District and Bankruptcy Courts

Burley A. Sanders

12901 Jervis Street

Clinton Maryland, 20735

(301) 203-8872

VS.

Metropolitan Police Department

District of Columbia

300 Indiana Avenue, NW

Washington D.C.,20001

Case: 1:14-cv-00829
Assigned To : Huvelle, Ellen S.
Assign. Date : 5/2/2014
Description: EMPLOY. DISCRIM.

**RECEIVED**
APR - 3 2014
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

## COMPLAINT

I received a correspondence on January 3, 2014, relaying that the District of Columbia EEOC had adopted the Metropolitan Police Department's findings in relation to the termination of the complainant's employment with the agency.

I was terminated on July 1, 2011, after being convicted in DC Superior Court on August 12, 2011, for Simple Assault. I was employed by the agency for 23 years.

The EEOC representative, in his findings conveyed the allegations were very serious, in which they were but I was not convicted by Judge Stuart Nash on any of the alleged sexual overtones which were noted in the representative's investigation. I was convicted for grabbing the victim's arm. I dispute the veracity of the victim's claim but Judge Nash found me guilty of Simple Assault for the act of grabbing the victim's arm which constituted an assault. The victim did not sustain any injury during the incident. Further, I offered to submit to a polygraph which the agency refused to conduct.

In a comparable case in which a white male member of the agency with similar length in service was convicted of 2 charges of Simple Assault in DC Superior Court. Officer William Witkowski,

further, was convicted of Simple Assault for assaulting two (2) Eithiopian citizens over a parking issue. Further, Officer Witkowski lead officers of the Third Police District in a pursuit. Also, Officer Witkowski refused to submit to a alcohol sobriety test. Then the agency relayed that Officer Witkowski had the potential for rehabilitation because he was intoxicated, how was that ever determined he was never given a sobriety test and there was a small likelihood that he would have any interaction with the victims.

Officer William Witkowski was not terminated and deemed as being able to be rehabilitated. Officer Witkowski received a mere 30 day suspension.

This was the basis for my filing a EEO with the DC Government, we both were convicted of the same offense, Simple Assault, we both received probation but Officer Witkowski was not terminated. There was such a drastic difference in the penalty/punishment that the agency issued. The White Officer was deemed worthy of continuing his employment while the Black member had his employment terminated. If you extract the sensationalism of the allegation and merely deal with the conviction, for grabbing a subordinates arm.

We were both members of the same agency (MPDC), our actions were not the same. The criminal convictions were the same but we received such a disparity in administrative sanctions.

Here are several more examples in the unacceptable discriminatory discipline that White Officials (officers) receive on behalf of the Metropolitan Police Department.

Lieutenant Michael Smith (Third District-retired) while involved in a heated disagreement with Sergeant Joseph Perrin, (Third District) threw a metal projectile (ASP) at Sergeant Perrin which missed him but caused severe damage to a wall inside the Third District Lieutenant's Office. Lieutenant Smith was not disciplined/arrested for this attempted assault.

Captain (Inspector) Edward Delgado struck Lieutenant (retired) Rhonda Nunnally and injured her. She later retired as a result of this incident. Delgado was never charged/disciplined.

Assistant Chief Peter Newsham throughout his ascension to the Command Staff has been involved in several noted situations of Domestic Violence and assaults of his female companions, he, never received any disciplinary actions.

The agency has refused a Freedom of Information Act (FOIA) request that would provide better statistical documentation to the Court to better explain the number of officers which are employed whom possess criminal misdemeanor convictions. Also, this documentation would reveal the unjust arrest/disciplinary processes which Black members are subject to as opposed to the favorable treatment rendered to their White/Non Black counterparts.

RELIEF:

I request that this termination be reviewed/overturned and I receive a reasonable punishment as that rendered to Officer Witkowski. I request the time which I would have accrued be restored and my full pay and benefits returned. Two and one half years of loss wages @ $257,000. Also, any wages which I would have received due to raises and overtime compensation.

*Burley A. Sanders*
Burley A. Sanders

12901 Jervis Street

Clinton Maryland, 20735